**WO**                                                                                           RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Samuel Colin Compton, | ) | No. CV-04-736-PHX-SMM (BPV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County Sheriff's Office, et al., | ) | |
| Defendants. | ) | |

   Samuel Colin Compton (Plaintiff), presently confined in the Maricopa County Madison Street Jail in Phoenix, Arizona (Madison Jail), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.  Plaintiff did not pay the one hundred and fifty dollar ($150.00) filing fee, but filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an "Inmate Account Statement" (Account Statement) with his Complaint.

   By Order filed October 12, 2004 (Document #4), Plaintiff's Application to Proceed was granted and Plaintiff was obligated to pay the one hundred and fifty dollar ($150.00) statutory filing fee for this action.  Based on the average monthly deposits in Plaintiff's account for six (6) months immediately preceding the filing of the Complaint, an initial partial filing fee of fifteen dollars and sixteen cents ($15.16) was assessed.

**TERMPSREF**                                              - 1 -

1     The Order filed October 12, 2004 also dismissed Plaintiff's Complaint without prejudice, 2 with leave to amend. Plaintiff was given thirty (30) days from the filing date of the Order 3 to file an amended complaint in order to state specific allegations of deprivation of 4 constitutional rights against proper defendant(s), to name as defendant(s) the individual(s) 5 who participated in the activities alleged in his amended complaint, to state what injury he 6 has suffered as a result of the activities of the defendant(s), and to show how, prior to filing 7 this action, he exhausted his administrative remedies as to each of his claims for relief.

8     By separate Order filed October 12, 2004 (Document #3), the Maricopa County Sheriff 9 or his designee was required to send to the Clerk of the Court the initial partial filing fee, and 10 thereafter, payments from Plaintiff's trust account each time the amount in the account 11 exceeds ten dollars ($10.00), until the statutory filing fee of one hundred and fifty dollars 12 ($150.00) was paid in full. 28 U.S.C. § 1915(b)(2).

13     By Order filed November 4, 2004, this action was reassigned by random lot to Chief Judge 14 Stephen M. McNamee.

15 **STATUTORY SCREENING OF PRISONER COMPLAINTS**

16     The Court is required to screen complaints or amended complaints brought by prisoners 17 seeking relief against a governmental entity or officer or employee of a governmental entity. 18 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff 19 has raised claims that are legally frivolous or malicious, that fail to state a claim upon which 20 relief may be granted, or that seek monetary relief from a defendant who is immune from 21 such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or 22 portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 23 U.S.C. § 1997e(a).

24 **AMENDED COMPLAINT**

25     On November 1, 2004, Plaintiff filed his "First Amended Complaint" (Document #5) 26 (Amended Complaint). Plaintiff should take notice that all causes of action alleged in an 27 original complaint which are not alleged in an amended complaint are waived. Hal Roach 28 Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading

**TERMPSREF** - 2 -

supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint.

Plaintiff alleges one (1) ground for relief in his Amended Complaint. (Amended Complaint at 4).

Named as Defendants in the Amended Complaint are: (1) Joseph Arpaio, Maricopa County Sheriff; (2) Tracy Haggard, Jail Commander, Captain of Security, Madison Jail; and (3) Bill Williams, Chief of Custody, Madison Jail. (Amended Complaint at 1-2).

Plaintiff seeks injunctive relief, monetary damages, and lawyer fees. (Amended Complaint at 7).

## ANSWER WILL BE REQUIRED

In Count I of the Amended Complaint, Plaintiff alleges that his Fourteenth Amendment rights were violated when he was punished by being placed on a "loaf diet" for disciplinary infractions without a due process hearing or access to the grievance procedure. (Amended Complaint at 4). Plaintiff further alleges that he was punished for infractions which did not involve food or eating utensils, and that when he filed the Amended Complaint he was on a sixty (60) day loaf restriction. Id.

"[A] detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535 (1979). "'There is, of course, a de minimis level of imposition with which the Constitution is not concerned.'" Id. at 539 n. 21, (quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)). In the case of a pretrial detainee who has been subjected to punishment, the district court does not apply a Sandin[1] analysis to determine whether a liberty interest exists. Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996). If the restraint imposed on the detainee was not imposed as punishment for the crime that led to the pretrial detention, but for other reasons such as the breaking of a prison rule, the detainee is entitled to prior due process. Id. Accordingly, Plaintiff states a cognizable claim pursuant to 42 U.S.C. § 1983 and the Court will require Defendants Arpaio, Haggard,

---

[1] See Sandin v. Connor, 515 U.S. 472 (1995).

**TERMPSREF** - 3 -

1  and Williams to file an answer to the Amended Complaint.

**RULE 41(b) WARNING**

Plaintiff is warned that if he fails to timely comply with every provision of this Order, or any order of the Court entered in this matter, the action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992) (stating a district court may dismiss action for failure to comply with any order of the court).

**IT IS THEREFORE ORDERED:**

(1)  That the Clerk of the Court is DIRECTED to send Plaintiff a service packet including a copy of this Order, a copy of the "First Amended Complaint" (Document #5) (Amended Complaint), and both a summons and request for waiver forms for Defendants Joseph Arpaio, Tracy Haggard, and Bill Williams;

(2)  That Plaintiff SHALL COMPLETE AND RETURN the service packet to the Clerk of the Court within twenty (20) days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(3)  That if Plaintiff does NOT either obtain a waiver of service of summons or complete service of the summons and Amended Complaint on a Defendant within one hundred and twenty (120) days of the date the Complaint was filed, or within sixty (60) days of the filing of this Order, whichever is later, the ACTION MAY BE DISMISSED as to Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Rule 16.2(b)(3)(B)(i) of the Local Rules of Civil Procedure (LRCiv);

(4)  That the United States Marshal SHALL RETAIN the summons, a copy of the Amended Complaint, and a copy of this Order for future use;

(5)  That the United States Marshal SHALL NOTIFY Defendants Joseph Arpaio, Tracy Haggard, and Bill Williams of the commencement of this action and REQUEST WAIVER OF SERVICE pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that are returned as undeliverable as soon as they are

**TERMPSREF** - 4 -

1 received. If a waiver of service of summons is not returned by a Defendant to the Marshall
2 within thirty (30) days from the date the request for waiver was sent by the Marshal, the
3 Marshal shall:

4     (a) Personally serve copies of the summons, Amended Complaint (Document
5     #5), and this Order upon the Defendant pursuant to Rule 4(e)(2) of the
6     Federal Rules of Civil Procedure;

7     (b) Within ten (10) days after personal service is effected, file the return of
8     service for the Defendant, along with evidence of the attempt to secure a
9     waiver of service of the summons and of the costs subsequently incurred in
10     effecting service upon the Defendant. The costs of service shall be
11     enumerated on the return of service form (USM-285) and shall include the
12     costs incurred by the Marshal for photocopying additional copies of the
13     summons, Amended Complaint, or this Order and for preparing new process
14     receipt and return forms (USM-285), if required. Costs of service will be
15     taxed against the personally served Defendant pursuant to Rule 4(d)(2) and
16     (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the
17     Court;

18 (6) **That if a Defendant agrees to waive service of the summons and Amended**
19 **Complaint, the Defendant SHALL RETURN the signed waiver form to the United**
20 **States Marshal, not to Plaintiff**;

21 (7) That Defendants Joseph Arpaio, Tracy Haggard, and Bill Williams SHALL
22 ANSWER the Amended Complaint or otherwise respond by appropriate motion within the
23 time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil
24 Procedure;

25 (8) That any answer or responsive pleading SHALL STATE the specific Defendant(s) by
26 name on whose behalf it is filed. The Court may strike any answer or responsive pleading
27 that does not identify the specific Defendant(s) by name on whose behalf it is filed;

28 (9) That a clear, legible copy of every pleading or other document filed SHALL

**TERMPSREF** - 5 -

ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See LRCiv 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Plaintiff**;

(10) That Plaintiff SHALL SERVE upon Defendants, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or the counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court;

(11) That at all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except that if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Plaintiff shall serve a copy of the notice on all opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b);

(12) That this matter is REFERRED to Magistrate Judge Bernardo P. Velasco pursuant to LRCiv 72.1 and 72.2 for further proceedings.

DATED this 7th day of November, 2005.

_____
Stephen M. McNamee
Chief United States District Judge

**TERMPSREF**                                                   - 6 -